# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DIMITRIOS SPIRILIOTIS, an individual; GEORGE DIAMANDOPOLOS, an individual; ANTONY KERAMONTE, an individual; and, VASILIKI INGLEZOU, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> P-K-B INCORPORATED, d/b/a Psistaria Greek Taverna, an Illinois Corp. and ATHANASIOS BOURNAIS, an individual, <br><br> Defendants. | Case No. _____ <br><br> Jury Demanded |

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT AND ILLINOIS WAGE & HOUR LAWS

Plaintiffs, Dimitrios Spiriliotis, George Diamandopolos, Antony Keramonte, and, Vasiliki Inglezou, complain as follows against defendants, P-K-B Incorporated, d/b/a Psistaria Greek Taverna and Athanasios Bournais:

### PRELIMINARY STATEMENT

1. Defendants employed the plaintiffs as part of the wait staff at defendants' restaurant. Although plaintiffs worked long hours, during which they dutifully and courteously serving the patrons at defendants' restaurant and otherwise contributed to the restaurant's success, defendants knowingly failed and refused to pay plaintiffs the proper compensation due them. Accordingly, plaintiffs seek redress under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the Illinois wage and hour laws.

## PARTIES

2. Plaintiff Dimitrios Spiriliotis is a resident of Morton Grove, Illinois. Mr. Spiriliotis worked at Defendants' restaurant from approximately October 3, 2012 through March 29, 2015.

3. Plaintiff George Diamandopolous is a resident of Addison, Illinois. Mr. Diamandopolous worked at Defendants' restaurant from approximately May 10, 2013 through February 23, 2014 and from approximately December 14, 2014 through April 15, 2015.

4. Plaintiff Antony Keramonte is a resident of Elmwood Park, Illinois. Mr. Keramonte also worked at Defendants' restaurant during two different periods, from approximately April 15, 2012 through May 13, 2013 and again from approximately November 23, 2014 through December 31, 2014.

5. Plaintiff Vasiliki Inglezou is a resident of Chicago, Illinois. Ms. Inglezou worked at Defendants' restaurant from January 24, 2013 through November 26, 2013.

6. Mr. Spiriliotis, Mr. Diamandopolous, Mr. Keramonte and Ms. Inglezou were each employed by defendants as "employees" as defined by the FSLA and Illinois minimum wage laws. They may be referred to herein by their surnames or, collectively, as the "Employees."

7. Defendant P-K-B Incorporated d/b/a Psistaria Greek Taverna ("Psistaria") is an Illinois corporation with its principal place of business in Lincolnwood, Illinois. Psistaria operates a full-service restaurant in Lincolnwood featuring Greek cuisine. It employs numerous personnel, including wait staff, bartenders and busboys, which are essential to the operation of a restaurant.

8. Defendant Athanasios Bournais ("Bournais") is an individual who, on information and belief resides, in Lincolnwood, Illinois. Psistaria and Mr. Bournais may be collectively referred to as the "Defendants."

9. At all relevant times, Mr. Bournais was president of Psistaria. In that position, he exercised operational control over and had the power to hire and fire, the ability to supervise, and the power to set wages for Psistaria's employees, including Mr. Spiriliotis, Mr. Diamandopolous, Mr. Keramonte and Ms. Inglezou.

10. Because Mr. Bournais exercised and exercises such control over Psistaria employees, including Mr. Spiriliotis, Mr. Diamandopolous, Mr. Keramonte and Ms. Inglezou, he is deemed an "employer" under the FLSA and Illinois wage and hour laws.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA.

12. Defendants' employees handled goods that have been moved in interstate commerce. By way of example and without limitation, Psistaria's waiters serve octopus, sea bass and other fish that have been harvested from the ocean. Psistaria's annual gross volume of sales made is not less than $500,000.

13. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00, which is the threshold test for the enterprise requirement under the FLSA.

14. Federal jurisdiction is, therefore, proper under the enterprise coverage of the FLSA because Psistaria and Mr. Bournais and each of them, have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

15. This Court has supplemental jurisdiction over the Employees' state claims pursuant to 28 U.S.C. 1367 because (i) they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," (ii) the state and federal claims derive from a common nucleus of operative fact, (iii) the state claims will not substantially dominate over the FLSA claims, and (iv) exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

16. The United States District Court for the Northern District of Illinois has personal jurisdiction because Psistaria conducts business within this District and, on information and belief, Mr. Bournais maintains his residence in this district.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Psistaria has its principal place of business, conducts business, and can be found in the Northern District of Illinois; on information and belief, Mr. Bournais resides in this district; and, the causes of action set forth herein have arisen and occurred in part in the Northern District of Illinois.

## BACKGROUND FACTS

### *Defendants Failed to Pay Employees the Minimum Wage*

18. As employers required to comply with the FSLA and Illinois, Defendants were and are required to pay the Employees in accordance with the federal and Illinois wage and hour laws, including paying them the minimum wage hourly rate and paying them at the overtime rate for hours worked in excess of 40 hours per week.

19. At all relevant times, the Employees were entitled to compensation at the minimum hourly wage and were not exempt from the overtime provision of the FSLA and state law. Defendants do not qualify for any credit justifying the failure to pay the minimum wage.

20. Notwithstanding their obligation to do so, Defendants failed to pay the Employees at the hourly minimum-wage rate. Indeed, at all times while Defendants employed Ms. Inglezou, Defendants failed to pay Ms. Inglezou any compensation at all. Instead, Defendants merely allowed Ms. Inglezou to retain the tips Defendants' patrons gave her.

*Defendants Require Employees to Work in Excess of 40 Hours Per Week*

21. On information and belief, Psistaria's published hours of operation are from 11:00 a.m. to 11:00 p.m. In practice, it frequently extends its hours on weekends and holidays to accommodate customers, sometimes until after midnight.

22. At all relevant times, Defendants scheduled its employees to work by posting a handwritten schedule at the restaurant. That schedule, however, listed only a start time (for example, it would show only "11 –") because Defendants required the Employees to work until their last customer left or when the restaurant closed.

23. In addition, Defendants required the Employees to arrive approximately one hour before their scheduled start time to set up their tables. As a result, employees who worked a double shift (both days and evenings) were frequently required to work in excess of 12 hours per day.

24. As a result of Defendants' demands, the Employees were required to work in excess of 40 hours per week.

25. Notwithstanding Defendants' requirement that the Employees work in excess of 40 hours per week, Defendants either failed to pay any or paid only a fraction of the amount of overtime hours worked by the Employees.

***Psistaria and Mr. Bournais Failed to Keep Complete and
Accurate Records of the Hours that the Employees Worked.***

26. Defendants failed to maintain complete and accurate company records of the time that the Employees worked. Accordingly, Psistaria's time records do not accurately show the number hours actually worked.

27. Moreover, because Defendants did not pay the Employees for all the hours that they worked, including overtime hours, Psistaria's wage statements did not accurately reflect all hours the Employees worked including the number of hours of overtime worked.

***Psistaria and Mr. Bournais Willfully Failed to Pay the Employees the
Compensation Owed Them***

28. Defendants were and are aware of their obligations to pay its employees in accordance with FSLA and Illinois wage and hour laws.

29. Defendants were and are aware that the Employees performed work that required Psistaria to pay them the minimum wage and overtime pay and that the Employees worked in excess of 40 hour per week.

30. Despite this knowledge, Defendants did not pay Employees all compensation due them at the time they separated from the company.

31. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff.

**COUNT I
FAIR LABOR STANDARDS ACT
(Minimum Wage Claims)**

32. The Employees hereby incorporate by reference the foregoing paragraphs 1-31 of this Complaint as if fully set forth herein.

33. The FLSA requires employers, such as Defendants, to pay Employees the minimum wage for all hours worked.

6

34. The Employees did not perform job duties or tasks that permit them to be exempt from minimum wage as required under the FLSA.

35. At all relevant times, 29 U.S.C. § 206 has defined the minimum wage under the FLSA. Since July 24, 2009, the federal minimum wage has been $7.25 an hour.

36. During the applicable statute of limitations, and pursuant to their unlawful policies and practices, Defendants failed to pay the Employees the federally mandated minimum wage for all hours worked.

37. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

38. By failing to record, report, and/or preserve records of hours worked by the Employees, Defendants failed to make, keep, and preserve records with respect to their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq.

39. The Employees have been damaged in the amount of all respective unpaid minimum wage compensation during the past three years at the effective minimum wage rate, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), interest, and all such other legal and equitable relief as the Court deems just and proper.

40. The Employees are entitled to recover all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**COUNT II**
**FAIR LABOR STANDARDS ACT**
**(Overtime Claims)**

41. The Employees hereby incorporate by reference the foregoing paragraphs 1-40 of this Complaint as if fully set forth herein.

42. The FLSA requires covered employers such as Defendants to compensate all non-exempt employees, including the Employees, at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

43. The Employees did not perform job duties or tasks that permit them to be exempt from overtime compensation as required under the FLSA.

44. During the applicable statute of limitations, Defendants, pursuant to their unlawful policies and practices, failed and refused to compensate the Employees for all of the overtime hours they worked.

45. Defendants violated the FLSA, 29 U.S.C. § 201 et seq., by failing to compensate the Employees for all of the overtime hours they worked.

46. By failing to record, report, and/or preserve records of hours worked by the Employees, Defendants failed to make, keep, and preserve records with respect to their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 et seq.

47. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48. The Employees have been damaged in the amount of all respective unpaid overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week over the past three years, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and all such other legal and equitable relief as the Court deems just and proper.

49. The Employees are entitled to recover all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**COUNT III**
**ILLINOIS MINIMUM WAGE LAW**
**(Minimum Wage Claims)**

50. The Employees hereby incorporate by reference the foregoing paragraphs 1-49 of this Complaint as if fully set forth herein.

51. At all times relevant to this action, the Employees were employed by Defendants within the meaning of the Illinois Minimum Wage Law, 820 ILCS § 105/l et seq.

52. Defendants had an unlawful policy and practice of failing and refusing to pay employees like the Employees at the minimum wage rate for the hours they worked.

53. During the Employees' employment by Defendants, by the course of conduct set forth above, Defendants have failed to pay the Employees the minimum wage due them for all hours worked, including overtime hours at the overtime rate, in violation of the Illinois Minimum Wage Law, 820 ILCS § 105/1 et seq., in particular, § 105/4.

54. At all relevant times, the minimum wage in Illinois was not less than $8.25 per hour.

55. Because Defendants failed to properly pay the minimum wage as required by law, the Employees are entitled under the Illinois Minimum Wage Law, 820 ILCS §§ 105/4a(l) and 105/12 to all minimum wage compensation due them for all hours worked, including overtime hours at the overtime rate in the past three years, and under § 105/12 to recover liquidated damages, costs, and reasonable attorneys.

**COUNT IV**
**ILLINOIS MINIMUM WAGE LAW**
**(Overtime Claims)**

56. The Employees hereby incorporate by reference the foregoing paragraphs 1-55 of this Complaint as if fully set forth herein.

57. The Illinois Minimum Wage Law 820 ILCS § 105/l et seq. requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees.

58. The Employees were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

59. Throughout their employment with Defendants, the Employees worked in excess of forty hours in a workweek.

60. While Defendants employed the Employees, Defendants failed and refused to pay them proper overtime compensation.

61. Defendants had an unlawful policy and practice of failing and refusing to pay proper overtime pay to employees like the Employees for overtime hours worked.

62. By the course of conduct set forth above, Defendants violated the Illinois Minimum Wage Law, 820 ILCS § 105/l et seq., in particular, § 105/4a(l).

63. Because Defendants failed to properly pay overtime as required by law, the Employees are entitled under the Illinois Minimum Wage Law, 820 ILCS § 105/4a(1) and § 105/12 to all overtime compensation due to them at a rate of one and one half ($1^{1/2}$) times the regular rate of pay for all overtime hours worked in the past three years, and under § 105/12 to recover liquidated damages, costs, and reasonable attorneys fees.

### COUNT V
### Illinois Wage Payment & Collection Act
### (Failure to Pay Claims)

64. The Employees hereby incorporate by reference the foregoing paragraphs l-63 of this Complaint as if fully set forth herein.

65. The Illinois Wage Payment & Collection Act, 820 ILCS § ll5/3 et seq., requires that "every employer shall be required, at least semimonthly, to pay every employee all wages

10

earned during the semi-monthly pay period" and pay "final compensation" at the time of separation, if possible, or if not, by the next regularly scheduled payday for the employee.

66. During the applicable statute of limitations, by the course of conduct set forth above, Defendants failed to pay the Employees all wages due in violation of the Illinois Wage Payment & Collection Act, 820 ILCS § 115/3 et seq.

67. Because Defendants failed to properly pay wages due as required by law, the Employees are entitled under the Illinois Wage Payment & Collection Act, 820 ILCS §115/3 et seq. to recover all wages due, two percent (2%) interest per month on all wages due until fully paid, costs, and reasonable attorneys fees.

WHEREFORE, Plaintiffs, Dimitrios Spiriliotis, George Diamandopolos, Antony Keramonte, and, Vasiliki Inglezou, request that this Honorable Court enter judgment in their favor and against defendants, P-K-B Incorporated, d/b/a Psistaria Greek Taverna and Athanasios Bournais, for violation of the Fair Labor Standards Act and Illinois wage and hour laws as follows:

(a) award plaintiffs an amount equal to the unpaid minimum wages and/or overtime wages owed them at the applicable rates;

(b) find that defendants' conduct was willful;

(c) award plaintiffs liquidated damages, pre-judgment and post-judgment interest as provided by law, and all other allowable damages;

(d) award plaintiffs all costs and attorneys' fees incurred prosecuting these claims, including expert fees; and

(e) grant all such further and additional relief as the Court deems just and equitable.

**Demand for Jury Trial**

Plaintiffs hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

DIMITRIOS SPIRILIOTIS, GEORGE DIAMANDOPOLOS, ANTONY KERAMONTE, and VASILIKI INGLEZOU

By: /s/ Steven S. Shonder
One of their Attorneys

Steven S. Shonder
LAW OFFICES OF STEVEN S. SHONDER
77 W. Wacker Drive
Suite 4800
Chicago, Illinois 60601
(312) 612-5191
ARDC No. 6238090